UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE WIEGAND, | ) | CASE NO. 1:11 CV 2354 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JAMES R. DOUGLASS, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

**Introduction**

On November 1, 2011, Plaintiff *pro se* Jacqueline Weigand filed this *in forma pauperis* action against Attorney James R. Douglas, styled in part, "Ineffective Counsel - No Communication." The two page Complaint (Doc. 1), which does not cite a basis for this Court's jurisdiction, alleges a judgment of foreclosure in the Cuyahoga County Court of Common Pleas was granted to Deutsche Bank National Trust Company on Plaintiff's property, and that Plaintiff is scheduled to be evicted from her home on November 2, 2011.[1] Defendant in the instant case, Mr. Douglas, is Ms. Weigand's counsel in the underlying foreclosure action and in a pending action for writ of prohibition in the Ohio Court of Appeals. Plaintiff complains Defendant has not communicated with her concerning these matters.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

---

[1] Plaintiff has also filed a Motion to Stay Eviction (Doc. 3) which is denied for lack of jurisdiction as discussed herein.

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

### Discussion

As a threshold matter, Plaintiff does not set forth a colorable federal claim for relief against Attorney Douglas, because no jurisdictional basis for such a claim is suggested in the Complaint, even liberally construed. Further, this Court cannot vacate the Cuyahoga County Common Pleas Court judgment in question, nor enjoin the execution of the judgment. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing a state court case is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing her case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in Plaintiff's particular case, as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*

In the present action, Plaintiff essentially questions the state court's decision granting foreclosure, and execution of the judgment in that case. Adjudication of any federal claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

**Conclusion**

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 11/2/11

-3-